UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAULETTE KELLY, ETC.**     **CIVIL ACTION**

**VERSUS**     **NO. 09-4470**

**ELI LILLY AND CO.**     **SECTION "K"(2)**

## ORDER AND REASONS

Before the Court are a Motion for Summary Judgment (Doc. 23) and a Motion for Voluntary Dismissal (Doc. 26). The Court will first take up the Motion to Dismiss. Plaintiff has moved to dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2). Also, defendant Eli Lilly & Co. ("Lilly") has filed the above-noted Motion for Summary Judgment on February 7, 2011. This summary judgment motion is primarily based on plaintiff's failure to timely name an expert in accordance with the stipulated scheduling order.

Plaintiff contends that the operative facts of these proceedings are the subject of an on-going state proceeding against Southeast Louisiana State Hospital and is the subject of an on-going state medical review panel against the treating physician of her deceased child. Plaintiff maintains that these proceedings may resolve the issues of causation surrounding her daughter's death and that a dismissal without prejudice will not cause plain legal prejudice to Lilly.

Although the complaint in this matter was filed July 22, 2009, the case was stayed pending a motion to transfer to the MDL on February 15, 2010. During that interim period, Lilly filed its Answer December, 29, 2009, and no other significant action was taken in the case. The stay was lifted on June 21, 2010, and on December 8, 2010, the Court granted a motion for entry of a stipulated scheduling order. As noted, the motion for summary judgment was then filed on February 7, 2011 with the Motion to Dismiss filed by plaintiff on February 28, 2011.

Lilly contends that plaintiff's motion to dismiss should be denied, *inter alia,* because her explanation is not sufficient and she is attempting to avoid an adverse ruling on Lilly's motion for summary judgment.  However, as state succinctly by Judge O'Connor:

> Under circuit precedent, a district court should freely grant a motion for voluntary dismissal unless it finds the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 509 (5th Cir.2007); *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir.2002). "Legal prejudice has been defined as prejudice to some legal interest, some legal claim, [or] some legal argument." *Espinoza v. Nacher Corp.,* No. 1:07-CV-051, 2007 WL 1557107, at *2 (E.D.Tex. May 24, 2007). For example, courts have found legal prejudice to exist where dismissal might result in a defendant's loss of a potentially valuable defense. *Hyde,* 511 F.3d at 509; *U.S. ex rel. Matthews v. HealthSouth Corp.,* 332 F.3d 293, 297 (5th Cir.2003) (citing *Elbaor,* 279 F.3d at 318). Likewise, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute legal prejudice. *U.S. ex rel. Doe v. Dow Chemical Co.,* 343 F.3d 325, 330 (5th Cir.2003); *Oxford v. Williams Companies, Inc.,* 154 F.Supp.2d 942, 952-53 (E.D.Tex.2001). For example, the court denied dismissal in *Oxford* when the plaintiff filed for dismissal after twenty-one months of significant trial preparation. *Oxford,* 154 F.Supp.2d at 952.
>
> In deciding whether to grant dismissal, a district court takes a number of factors into consideration though "there is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford,* 154 F.Supp.2d at 951. These factors, among other considerations, typically include: (1) when in the course of litigation the plaintiff files the motion, *see Oxford,* 154 F.Supp.2d at 951; (2) whether the suit is still in pretrial stages, *see Templeton,* 901 F.2d at 1275-76; (3) whether the parties have filed numerous pleadings and memoranda, (4) whether the parties have attended conferences, (5) whether there are prior court determinations adverse to the plaintiff's position, *see Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991); (6) whether hearings have been held, (7) whether any defendants have been dismissed on summary judgment, and (8) whether the parties have undertaken significant discovery, *see Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.,* 903 F.2d 352, 360 (5th Cir.1990); *see also Espinoza,* 2007 WL 1557107 at *2.
>
> In fact, there are only a limited number of circumstances that will warrant denial of a Rule 41(a)(2) motion since "the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." *Radiant Tech. Corp. v. Electrovert USA Corp.,* 122 F.R.D. 201, 204 (N.D.Tex.1988) (citing *LeCompte,* 528 F.2d at 604). This Court has previously recognized that outright denial of a motion to dismiss may be appropriate when "the defendant demonstrates: (1) that dismissal will preclude the court from

>deciding a pending case or claim-dispositive motion; or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant,* 122 F.R.D. at 203-04. However, a pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the court's analysis and does not, in and of itself, preclude dismissal. *Bhullar v. Sonoco Prods. Co.,* No. 3:02-CV-2283-G, 2004 U.S. Dist. LEXIS 514, at *13 (N.D.Tex.2004); *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1258 (11th Cir.2001); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262 (8th Cir.1993). Further, a motion for voluntary dismissal should be denied where "a plaintiff seeks to circumvent an expected adverse result." *See e.g., Davis,* 936 F.2d at 199 (dismissal denied, in part, because of a comprehensive recommendation issued by the magistrate judge adverse to the plaintiff's position).

*Greyhound Lines, Inc. v. Younan Properties, Inc*., 2008 WL 2340219, *2 (N.D.Tex. June 9, 2008).

Since Rule 41(a)(2) is only applicable in the event an answer or summary judgment has been filed by the defendant and the Court is given discretion to dismiss an action without prejudice under those circumstances, certainly the rule contemplates a plaintiff seeking to dismiss a defendant without prejudice after a summary judgment has been filed where the ruling could be adverse.  Furthermore, "it is well established that it is not a bar to a court-granted dismissal under Rule 41 (a)(2) that the plaintiff obtain some tactical advantage thereby.  For example avoiding a potential adverse result."  Wright and Miller, *Federal Practice and Procedure*, §2364 at 477-88 (3rd ed. 2008).

"Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion refuse to grant a voluntary dismissal." *Hartford Accident & Indemnity Co. v. Costa Lines Cargo Services, Inc.* 903 F.2d 352, 360 (5th Cir. 2009).  Here, as stated above, there has been minimal activity by both parties in prosecuting and defending these proceedings.  Considering the on-going state

proceedings, the fact that a substantial amount of time and effort have not been expended in these proceedings, and the proscription that a Rule 42(a)(2) motion will be granted unless the defendant will suffer some plain legal prejudice such as the stripping of a defense, the Court finds the Motion to Dismiss to have merit. Accordingly,

**IT IS ORDERED** that the Motion for Voluntary Dismissal (Doc. 26) is **GRANTED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 23) is **MOOT**.

New Orleans, Louisiana, this 20th day of April, 2011.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**